FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2009 NOV 24 AM 10: 46

US DISTRICT COURT
 OF FL

CASE NO.:

6:09-cv-2005-0rl-31GJK

HARVEY GOODMAN,

    Plaintiff,

vs.

WALTON RRP INVESTORS IV, L.L.C.
a Delaware limited liability company, d/b/a
RADISSON RESORT ORLANDO
CELEBRATION, d/b/a RADISSON PARKWAY,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, HARVEY GOODMAN, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues WALTON RRP INVESTORS IV, L.L.C, a Delaware limited liability company, d/b/a RADISSON RESORT ORLANDO CELEBRATION, d/b/a RADISSON PARKWAY (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, Middle Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Middle District of Florida in that all events giving rise to this lawsuit occurred in Osceola County, Florida.

3  At the time of Plaintiff's visit to the RADISSON PARKWAY prior to instituting the instant action, HARVEY GOODMAN (hereinafter referred to as "GOODMAN") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited the RADISSON PARKWAY but was denied full and equal access to, and full and equal enjoyment of, the facilities within the RADISSON PARKWAY which is the subject of this lawsuit.

4. The Defendant, WALTON RRP INVESTORS IV, L.L.C, a Delaware limited liability company, d/b/a RADISSON RESORT ORLANDO CELEBRATION, d/b/a RADISSON PARKWAY is authorized to conduct, and is conducting business within the State of Florida. Upon information and belief, WALTON RRP INVESTORS IV, L.L.C, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as the RADISSON PARKWAY located at 2900 Parkway Boulevard, Kissimmee, Florida (hereinafter and heretofore referred to collectively as "RADISSON PARKWAY") which also maintains and controls the Subject Facility. Upon information and belief, WALTON RRP INVESTORS IV, L.L.C, is also the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as the

RADISSON PARKWAY located at 2900 Parkway Boulevard, Kissimmee, Florida (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Osceola County in the Middle District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing

3

facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the RADISSON PARKWAY is a place of public accommodation in that it is an establishment which provides food, beverages and services to the public.

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the RADISSON PARKWAY in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the RADISSON PARKWAY. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendant, the RADISSON PARKWAY. Prior to the filing of this lawsuit, GOODMAN personally visited the RADISSON PARKWAY with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of the RADISSON PARKWAY and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facility in the past, resides within driving distance to said Subject Facility, and importantly, Plaintiff intends to return to the Subject Facility, during the upcoming Spring. Notwithstanding Plaintiff's plans of return, during the upcoming Spring, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities

to the extent required by the ADA, including the removal of the architectural barriers which remain at the Subject Facility.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) The restaurant/ store counter located in the lobby at Subject Facility is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(2), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm); or an auxillary counter with a maximum height of 36 inches (915 mm) in close proximity to the main counter; or an equivalent facilitation.

(ii) All the moveable tables, located in the restaurant/store at the Subject Facility, are at inaccessible heights in violation of 28 C.F.R. Part 36.

(iii) Failure to provide accessible fixed or built in tables equal to, or exceeding at least five percent of the restaurant/store's fixed tables, located in the lobby of the Subject Facility, in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

(iv)    The service counter located the Gift Shop in the lobby at the Subject Facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(v)    The bar counter located the Sports Lounge in the lobby at the Subject Facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(vi)    The bar, with fixed footstands, located the Pool Bar in the pool area at the Subject Facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(vii)    Failure to provide the required informational signage at the main entrance to Pool restroom as required by 28 C.F.R. Part 36, Section 4.3.

(viii) Failure to provide a paper towel dispenser at an accessible height, in the Pool restroom, as required by 28 C.F.R. Part 36, Section 4.22.7.

(ix)    Failure to provide an accessible bed in the Plaintiff's designated accessible sleeping room in violation of 28 C.F.R. Part 36.

(x)    Failure to provide an accessible restroom in Plaintiff's designated accessible room in violation of 28 C.F.R. Part 36.

16. Upon information and belief, there are other current violations of the ADA at the RADISSON PARKWAY. The discriminatory violations described above, in paragraph 15, are not an exclusive list of the ADA violations at the Subject Facility, and Plaintiff requires an inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject Facility, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facility, and compromise his safety.

18. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

B. The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C. The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of November, 2009.

Respectfully submitted,

By: _____
B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877